Filed 8/4/26  P. v. Steele CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B346605 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA031330) |
| v. | |
| DAMIAN STEELE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel J. Lowenthal, Judge.  Dismissed and remanded.

Damian Steele, in pro. per.; Mordecai Garelick, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Damian Steele appeals from the superior court's postjudgment order declining his request to recall and resentence him pursuant to Penal Code[1] section 1172.1. We appointed counsel to represent Steele on appeal. After reviewing the record, counsel for Steele filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues. After reviewing the contentions raised in Steele's supplemental brief, we have not identified any either. We dismiss the appeal as taken from a nonappealable order but order the superior court to correct the abstract of judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Between October 18 and December 27, 1996, Steele committed a series of armed carjackings, robberies and assaults. Steele was charged by information with four counts of carjacking (§ 215, subd. (a)(1); counts 1, 2, 4, and 9); four counts of second degree robbery (§ 211; counts 3, 5, 7 and 10); one count of attempted second degree robbery (§§ 664, 211; count 6); one count of assault with a deadly weapon (§ 245, subd. (a)(1); count 8); and one count of being a felon in possession of a firearm (§ 12021, subd. (a)(1); count 11). As to each count, Steele was alleged to have suffered a prior serious felony (§ 667, subd. (a)(1)) and a prior prison term (§ 667.5, former subd. (b).) Steele was convicted on all counts and sentenced in 1998 to an aggregate term of 50 years.[2]

---

[1]    All statutory references are to the Penal Code.

[2]    Although it is not reflected in the abstract for judgment, the minute order from Steele's sentencing reflects that the trial court imposed but stayed the one-year prior prison term

2

In 2025 Steele filed a request for recall of sentence and resentencing pursuant to section 1170.1.  In his two-page motion, Steele argued that he was eligible for relief due to ameliorative changes in the law, and that he needs "these priors taken off [because] I'm 51 years old, hearing impaired, [and] in a walker." He also noted he has been away from his family and has not seen his mother in 28 years.

---

enhancement under section 667.5, former subdivision (b).  The California Supreme Court recently held that, in this circumstance, a defendant is entitled to recall and resentencing under section 1172.75, subdivision (a), to have the stayed prior prison term enhancement stricken and to receive a "full resentencing" at which the superior court must " 'consider a broad range of factors ..., including "changes in law that reduce sentences" [citation] and postconviction factors that inure in the defendant's favor.' "  (*People v. Espino* (July 2, 2026, S286987) __ Cal.5th __ [2026 Cal. Lexis 3418, at p. 2]; accord, *People v. Rhodius* (2025) 17 Cal.5th 1050, 1067.)

We have no jurisdiction at this juncture to address Steele's eligibility for resentencing under section 1172.75.  However, we direct the superior court to correct the abstract of judgment to reflect that Steele's sentence includes a one-year prior prison term enhancement under section 667.5, former subdivision (b), that was imposed but stayed.  (*People v. Singleton* (2025) 113 Cal.App.5th 783, 790-791 ["the court has inherent power to correct a clerical error at any time"].)  Without this correction, the Department of Corrections and Rehabilitation would be unable to satisfy its duty to identify and notify the sentencing court that Steele is a person serving a term for a judgment that includes a section 667.5, former subdivision (b), enhancement.  (§ 1172.75, subd. (b).)

The superior court indicated it had read Steele's request for recall of sentence and resentencing under section 1172.1, and "respectfully decline[d] to exercise its discretion to recall Mr. Steele's sentence." This appeal follows.

## DISCUSSION

We appointed counsel to represent Steele in this appeal. After reviewing the record, counsel did not identify any arguable issues and indicated that "[t]his court should determine appealability." On April 30, 2026 counsel advised Steele that he was filing a brief stating he was unable to find any arguable issues and that Steele could personally submit a supplemental brief. Counsel also indicated in his declaration that he would send Steele the transcripts of the record on appeal as well as a copy of his brief.

On June 2, 2026 we received a one-page handwritten supplemental brief from Steele. Steele argues (1) "issues ... need to be corrected due to law ... I was a juvenile when I got convicted [and] I'm not the same person [as] 30 years ago," and (2) appellate counsel provided ineffective assistance by filing a "no issues brief."

"Under section 1172.1, a trial court may recall a sentence and resentence a defendant 'at any time' upon the recommendation of various designated correctional or law enforcement authorities, including the Secretary or the Board of Parole Hearings, the county correctional administrator, the district attorney of the county in which the defendant was sentenced, or the Attorney General. (§ 1172.1, subd. (a)(1).) The trial court may also recall and resentence a defendant on its 'own motion' within 120 days of the date of commitment. (§ 1172.1,

4

subd. (a)(1).)  In addition, pursuant to an amendment effective January 1, 2024, a trial court now also has jurisdiction to recall a sentence and resentence a defendant on its own motion 'at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.'  (§ 1172.1, subd. (a)(1); Assem. Bill No. 600 (2023-2024 Reg. Sess.)"  (*People v. Olea* (2025) 115 Cal.App.5th 889, 896-97.)

However, "section 1172.1 'expressly denies defendants the right to file a petition for resentencing under that section, and expressly excuses the trial court from acting on any such request that a defendant might nevertheless file.' "  (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1046; see § 1172.1, subd. (c) ["A defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond."]; *People v. Olea*, *supra*, 115 Cal.App.5th at pp. 896-897; *People v. Roy* (2025) 110 Cal.App.5th 991, 998-999 [§ 1172.1 does not entitle a defendant "to petition the court for relief" and a petition filed by defendant "is best viewed as merely inviting the court to consider whether it wishes to exercise its discretion under section 1172.1"].)

Because a defendant has no right to a superior court ruling when he or she requests consideration for relief under section 1172.1, the court's choice not to act on the defendant's petition does not deprive the defendant of a substantial right.  (*People v. Brinson*, *supra*, 112 Cal.App.5th at p. 1046.)  Accordingly, a superior court's decision declining a defendant's invitation to recall his sentence under section 1172.1 is not appealable.  (See *id.* at p. 1045; *People v. Faustinos* (2025) 109 Cal.App.5th 687,

5

697 ["there is no appellate jurisdiction over an order declining to act on a defendant's unauthorized section 1172.1 petition"].) Because Steele initiated the section 1172.1 petition and the superior court declined to act on it, we lack jurisdiction over Steele's appeal.

Further, Steele's contention that appellate counsel rendered ineffective assistance because "he filed a no issues brief" lacks merit. (See *People v. Serrano* (2012) 211 Cal.App.4th 496, 503 [attorney satisfies professional duties by filing no-issues brief].) Appellate counsel does not render deficient performance by failing to raise meritless issues. (See *People v. Lucero* (2000) 23 Cal.4th 692, 732.) Counsel was not deficient for implicitly acknowledging that the courts uniformly have held a superior court's order declining to address a defendant's petition under section 1172.1 is not appealable.

## DISPOSITION

The appeal is dismissed. The superior court is directed to correct the abstract of judgment to reflect that Steele's sentence includes a one-year prior prison term enhancement under section 667.5, former subdivision (b), that was imposed but stayed.


STONE, J.

We concur:


MARTINEZ, P. J.


FEUER, J.

6